S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S

Jaime Dearcia
Fairview Nursing Home
4420 South Avenue, #309
Toledo, OH 43615,

           Plaintiff,

vs.

A & K Railroad Materials, Inc.
2750 Hill Avenue
Toledo, OH 43607,

and

John Doe No. 1
Present name and address unknown

          Defendants.

**3:03CV7668**

: Case No. _____

: (Hon. _____)

:

**NOTICE OF REMOVAL**

:

:

: **JUDGE JAMES G. CARR**

:

:

S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S

        Defendant A & K Railroad Materials, Inc. hereby files its Notice of Removal  and

states as follows:

1.     An action has been commenced against defendant A & K Railroad Materials, Inc. which is now pending in the Court of Common Pleas of Lucas County, Ohio, said action being entitled "Jaime Dearcia v. A & K Railroad Materials, Inc., et al.," bearing Case No. CI0200305256 on the docket of said court.

2.     A copy of the Complaint was served on defendant A & K Railroad Materials, Inc. on October 22, 2003. (See Exhibit A attached hereto.)

3.     This Notice of Removal is being filed within thirty (30) days after receipt by defendant A & K Railroad Materials, Inc. of the Complaint and is timely filed in accordance with 28 U.S.C. §1446(b).

4.     Defendant A & K Railroad Materials, Inc. has not yet moved, pleaded or answered plaintiff's Complaint and no other processes, pleadings or orders have been served upon defendant A & K Railroad Materials, Inc. in this action.

5.     This is a civil action over which this court has jurisdiction pursuant to 28 U.S.C. §1332 which may be removed to this Court pursuant to 28 U.S.C. §1441 because defendant A & K Railroad Materials, Inc. is incorporated in the State of California and has its principal place of business in Sale Lake City, Utah. The amount in controversy requirement of 28 U.S.C. §1332(b) is met.

2

**WHEREFORE**, defendant A & K Railroad Materials, Inc. requests that the Court enter this cause on its docket and entertain such further proceedings herein as may be proper and authorized by law.

Respectfully submitted,

EASTMAN & SMITH LTD.

David F. Cooper (0006176)
(EMAIL:  DFCooper@EASTSMITH.COM
Carrie L. Sponseller (#0073874)
(EMAIL:  CLSponseller@EASTSMITH.COM)
One SeaGate, 24th Floor
P. O. Box 10032
Toledo, OH 43699-0032
Telephone:    (419) 241-6000
Fax:            (419) 247-1777

Attorneys for Defendant
A & K Railroad Materials, Inc.

## PROOF OF SERVICE

A copy of the foregoing **Notice of Removal** was mailed this 12th day of November, 2003 to Kevin J. Boissoneault and Bonnie E. Haimes, 516 Granite Circle, Toledo, OH 43617-1172, attorneys for plaintiff.

Attorneys for Defendant
A & K Railroad Materials, Inc.

3



# IN THE COURT OF COMMON PLEAS, LUCAS COUNTY, OHIO

**JAIME DEARCIA**
Fairview Nursing Home
4420 S. Avenue, Rm #309
Toledo, Ohio 43615

        Plaintiff,

-vs-

**A & K RAILROAD
MATERIALS, INC.**
c/o Sherry Teets
2750 Hill Avenue
Toledo, Ohio 43607

        and,

**JOHN DOE NUMBER ONE**
Whose present name and address
is unknown

        Defendants.

\* \* \* \* \* \* \* \* \* \* \* \*

Case No.: CIO200305256

JUDGE:

ASSIGNED TO JUDGE BATES

**COMPLAINT WITH JURY DEMAND
ENDORSED THEREON, AND PLAINTIFF'S
FIRST SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION OF
DOCUMENTS AND REQUESTS FOR
ADMISSIONS**

**Kevin J. Boissoneault (#0040180)**
**Bonnie E. Haims (#0072465)**
**GALLON & TAKACS CO., L.P.A.**
3516 Granite Circle
Toledo, Ohio 43617-1172
Phone: (419) 843-2001
Fax: (419) 841-2608
Attorneys for Plaintiff

Now comes Plaintiff Jaime Dearcia, by and through counsel, Kevin J. Boissoneault, Esq.,

and Bonnie E. Haims, Esq., and the law firm of Gallon & Takacs Co., L.P.A., and for their

complaint, allege and aver as follows:





## GENERAL ALLEGATIONS

1.     At all times material hereto, Plaintiff Jaime Dearcia was working in the City of Toledo, Lucas County, Ohio.

2.     At all times material hereto, Plaintiff Jaime Dearcia was an employee of Defendant A & K Railroad Materials, Inc (hereinafter referred to as "A & K Railroad") and/or John Doe Number One.

3.     At all times material hereto, Defendant A & K Railroad and/or John Doe Number One is a California Corporation, duly licensed and doing business in the State of Ohio as a supplier and/or manufacturer and/or constructor of railroad parts and/or materials and/or lines located on Hill Avenue in the City of Toledo, Lucas County, Ohio.  Any reference to Defendant A & K Railroad and/or John Doe Number One will include reference to its owners, agents, servants, and employees who at all pertinent times were acting within the course and scope of their employment and/or agency with Defendant A & K Railroad and/or John Doe Number One.

4.     At all times material hereto, Defendant John Doe Number One, whose present name and address remain unknown despite Plaintiff's best and reasonable efforts to ascertain same, was a corporation and/or other legal entity which conducted business in Toledo, Lucas County, Ohio.

## COUNT ONE

5.     Plaintiff realleges and incorporates by reference the above paragraphs as if same were fully set forth herein.

6.     On or about July 1, 2002, Plaintiff Jaime Dearcia was acting in the course and scope of his employment with Defendant A & K Railroad and/or John Doe Number One.

7. On or about July 1, 2002, Plaintiff Jaime Dearcia was seriously injured when he was thrown from a forklift owned by and/or under the control of Defendant A & K Railroad.

8. On or about July 1, 2002, Defendant A & K Railroad and/or John Doe Number One, and/or their agents, and/or their servants, and/or their employees intentionally, purposefully, knowingly, and with substantial certainty that they would cause Plaintiff Jaime Dearcia and others similarly situated to suffer serious injuries, including, but not limited to, the following:

a. Knowingly required Plaintiff Jaime Dearcia to operate the subject forklift which was not furnished with the proper personal restraint equipment, including, but not limited to, a seatbelt;

b. Knowingly allowed the subject forklift to be operated without all required equipment, causing severe injury;

c. Knowingly failed to warn employees, including Plaintiff Jaime Dearcia, that the aforementioned forklift exposed them to danger of serious injuries, despite knowing the tendency of the forklift to uncontrollably jerk and shake when being operated;

d. Knowing failed to remove or eliminate a known dangerous process and/or procedure and/or condition in the aforementioned forklift, despite knowing the tendency of the forklift to injure its employees;

e. Knowingly operating the subject forklift without proper safety equipment in violation of government and/or industry safety regulations and standards;

f. Knowingly required Plaintiff Jaime Dearcia to work as set forth herein above despite knowing the danger of serious injuries to operators of the subject forklift was substantially certain to occur under the circumstances as set forth herein above; and,

g. Knowingly failed to train and/or adequately train Plaintiff Jaime Dearcia regarding safe ways to operate and work with the subject forklift.

9. All of the foregoing actions and inactions on the part of Defendant A & K Railroad and/or John Doe Number One demonstrate, at a minimum, their knowledge of a dangerous process, procedure and condition with inadequately equipped forklifts, inadequate safety training, and knowledge of the dangerous condition of the subject forklift.

10. All of the foregoing demonstrates Defendant A & K Railroad and/or John Doe Number One's knowledge, at a minimum, that serious injury was substantially certain to occur as the subject forklift was inadequately equipped to protect any operators and because Plaintiff Jaime Dearcia was told to operate the forklift by his employer, A & K Railroad and/or John Doe Number One.

11. Finally, at a minimum, Defendant A & K Railroad and/or John Doe Number One required Plaintiff Jaime Dearcia to be exposed to all of the foregoing as part of his employment at the time of the subject incident.

12. The intentional and purposeful acts of Defendant A & K Railroad and/or John Doe Number One directly and proximately caused Plaintiff Jaime Dearcia to sustain injuries and damages, including, but not limited to, the following:

        a.   Severe and permanent injuries;
        b.   Medical expenses, past and future;
        c.   Pain and suffering, past and future;
        d.   Loss of earnings and earning capacity, past and future; and,
        e.   Disruption of lifestyle.

**WHEREFORE**, Plaintiff prays for monetary judgment against all Defendants, jointly and severally, in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00) with interest at the rate of ten percent (10%) per annum from the date that Plaintiffs' cause of action accrued, and such other relief as the Court deems just and equitable.

LAW OFFICES OF
DALTON & TARAILO CO., L.P.A.
[illegible]
[illegible]
[illegible]

Respectfully submitted,

GALLON & TAKACS CO., L.P.A.

By:_____
        Kevin J. Boissoneault
        Bonnie E. Haims
        Attorneys for Plaintiff

## RY DEMAND

jury on all issues so triable in this action.

Respectfully submitted,

GALLON & TAKACS CO., L.P.A.

By:_____
        Kevin J. Boissoneault
        Bonnie E. Haims
        Attorneys for Plaintiff

5

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT A & K RAILROAD MATERIALS, INC.

Now comes Plaintiff, by and through counsel, Kevin J. Boissoneault, Esq., Bonnie E. Haims, Esq., and Gallon & Takacs Co., L.P.A., and hereby requests pursuant to Rules 26, 33, and 34 of the Ohio Rules of Civil Procedure, that the Defendant herein respond within twenty-eight (28) days of service hereof, to the following Interrogatories and Requests for Production of Documents.

The following definitions apply to each of the following interrogatories and requests for production of documents.

"Document" refers to any written, recorded, or graphic matter reduced to a tangible medium, including, but not limited to, correspondence, telegrams, written communications, accident or investigative reports, contracts, agreements, notes, memoranda, reports, analyses, studies, work papers, diaries, daily records, calendars, lists, photographs, films, recording tapes, catalogs.

"Identify" or "identity", in reference to a document, means the date, author, the general nature and type of document, and/or some other means of identifying the document, and the present location and custodian of the document.

"Identify" or "identity", in reference to a person, means the person's full name, address, and telephone number, along with their present business position and business address.

"Person" or "persons" means any individual, corporation, company, partnership, association, agency, governmental unit (whether federal, foreign, state, county, or local) or any other entity.

**REGARDING THE INTERROGATORIES**, after the answer to the Interrogatories, separately identify, in a manner suitable for use as a description in a subpoena, all sources (whether documentary, human, or otherwise) and all records maintained by the Defendant, and/or any other person or organization on which the Defendant relies in answering these Interrogatories, and/or any other information which pertains to or relates to the information called for in the Interrogatories.

Responses to one Interrogatory or part of an Interrogatory may be incorporated by reference in response to other Interrogatories or parts of interrogatories.

If Defendant is unable to complete any response to these Interrogatories within the provided space, then the Defendant should continue their response on a blank page and





append the continuation to these Interrogatories.

In lieu of identifying particular documents, Defendant may attach the documents to their responses to these Interrogatories.

**REGARDING THE REQUESTS FOR PRODUCTION OF DOCUMENTS,** please produce the certified copies of documents which Plaintiff requests that are in the possession, and/or custody, and/or control of Defendant and/or Defendant's counsel for copying and/or inspection. Receipt of the requested information on or before the date specified will constitute compliance with this request.

References to "you" or "your" in these Interrogatories and Requests for Production of Documents refers to all defendants where appropriate and to only the named Defendant where appropriate.

These Interrogatories and requests for production of documents are continuing in nature, requiring the Defendant to file supplementary responses before trial.

**INTERROGATORY NO. 1:**
Identify each person answering these interrogatories by giving their full name, address, telephone number, social security number, business position, and date of birth. If more than one person is answering, please state the number of the Interrogatory that each person answers.

**ANSWER:**



**INTERROGATORY NO. 2:**

With regard to A & K Railroad Materials, please state:

        a.    The complete and proper legal name for your company;

        b.    The date of incorporation;

        c.    The place of incorporation;

        d.    Whether the Defendant is licensed to do business in the State of Ohio;

        e.    "Identify" each and every officer and director of your company;

        f.    "Identify" the custodian of the corporate minute books and records;

        g.    "Identify" the custodian of the corporation's financial records and accounts; and

        h.    "Identify" the custodian of the corporation's training and safety materials given to employee.

**ANSWER:**

**INTERROGATORY NO. 3:**

Please state the current location of the subject forklift, that which Plaintiff Jaime Dearcia injured himself on July 1, 2002.

**ANSWER:**


Law Offices of
GALLON & TAKACS CO., L.P.A.
Theodore A. Bowman (0009159)
3516 Granite Circle
Toledo, Ohio 43617-1172

8



**INTERROGATORY NO. 4:**

Please identify each of the Defendant's employees, including dates of service and job titles, who had primary responsibility on the date of the incident, with respect to Defendant's operations on the subject premises for each of the following:

      a.    risk management analysis;

      b.    safety;

      c.    employee supervision of workers;

      d.    employee training and instruction of workers; and

      e.    compliance with government and industry health and safety standards.

**ANSWER:**

**INTERROGATORY NO. 5:**

Please state the full name, address, and telephone number of each person who, to your knowledge or that of your agents or attorneys, was present or claims to have been present at the scene or near the scene of the occurrence which is the subject of this claim either immediately before, immediately after, or during such occurrence.

**ANSWER:**




**INTERROGATORY NO. 6:**

Identify each person or entity from whom Defendant has received any information, either verbally or in writing, regarding Plaintiff Jaime Dearcia's incident of July 1, 2002.

**ANSWER:**

**INTERROGATORY NO. 7:**

Identify any statements of witnesses to this incident and/or photographs and/or videotapes of the scene of the incident, and identify the person(s) and/or entity(ies) maintaining control of said statements, photographs, and videotapes.

**ANSWER:**



**INTERROGATORY NO. 8:**

State whether or not Defendant or somebody on behalf of Defendant performed an investigation of the incident. If so, identify the person or persons who were present, the date of the investigation, any documents generated as a result of the investigation, and identify the person(s) and/or entity(ies) maintaining said documents.

**ANSWER:**

**INTERROGATORY NO. 9:**

State whether any insurance agreement exists, (including excess insurance, re-insurance, or umbrella insurance), under which any person or company carrying-on an insurance business may be liable to satisfy part or all of any judgment against Defendant which may be entered in this action. If so, identify the insurance company, the applicable limits of coverage per person and aggregate, the effective dates of coverage, the policy numbers, and identify the custodian of such agreement.

**ANSWER:**


11

**INTERROGATORY NO. 10:**

Please identify all documents in your possession known to you or in your control, with regard to the subject incident, including any incident, accident or investigation reports, photographs, sketches, diagrams, or other visual medium.

**ANSWER:**


**INTERROGATORY NO. 11:**

Please identify any document which contains government or industry standards, codes, rules or regulations which apply to the maintenance, operation, and safety of the forklift involved in the subject incident.

**ANSWER:**



**INTERROGATORY NO. 12:**

State the name of all employees of Defendant who were working at or near the location of the incident at issue herein.

**ANSWER:**

**INTERROGATORY NO. 13:**

State the name and job title of all of Defendant's employees who investigated the subject incident.

**ANSWER:**

**INTERROGATORY NO. 14:**

Please state the name, address and telephone number of each person who claims to have knowledge or information regarding the captioned incident.

**ANSWER:**




**INTERROGATORY NO. 15:**

Please state the name of the head of the maintenance department at A & K Railroad Materials, Inc. on the date of this incident.

**ANSWER:**

**INTERROGATORY NO. 16:**

Please state the name, address, and telephone number of all persons who, prior to July 1, 2002, have sustained injuries while working with the subject forklift.

**ANSWER:**

**INTERROGATORY NO. 17:**

Please state what job task Plaintiff was performing at the time of his injury and who instructed him to do it.

**ANSWER:**

Law Offices of
DALLON & TAKACS CO., L.P.A.
THE JACK G KLUTTHOLD BUILDING
5546 CHIAMEE CIRCLE,
TOLEDO, OHIO, 43617-1172

14



**INTERROGATORY NO. 18:**
Please identify the name of the entity from whom the forklift involved in the instant action was purchased and the date of purchase.

**ANSWER:**

**INTERROGATORY NO. 19:**
Please identify the name of the head of safety department at A & K Railroad Materials, Inc. on the date of this incident.

**ANSWER:**

**INTERROGATORY NO. 20:**
Please state the make, model, and serial number of the subject forklift involved in this incident.

**ANSWER:**

Law Offices of
GALLON & TAKACS CO., L.P.A.
The JACK GALLON BUILDING
3516 GRANITE CIRCLE
TOLEDO, OHIO 43617-1172



**INTERROGATORY NO. 21:**

Please state the date of purchase of the subject forklift.

**ANSWER:**

**INTERROGATORY NO. 22:**

Please state the date upon which the subject forlift went into service.

**ANSWER:**

**INTERROGATORY NO. 23:**

Please state what modification or changes were made to the subject forlift after the subject incident.

**ANSWER:**




# REQUEST FOR PRODUCTION OF DOCUMENTS

1.  All certified copies of insurance policies and declaration pages, endorsements, amendments, which may provide coverage for the claims in Plaintiff's Complaint.

2.  All written and recorded statements of any witnesses, and any investigation reports including any sketches and/or drawings of the scene at issue in Plaintiff's Complaint.

3.  All photographs, motion pictures, videotapes of the scene of the incident or the machine in question in this case.

4.  Defendant's employee work log and/or other documents which identify all of Defendant's employees who were present and identify the hours worked on the day of the incident and for 180 days preceding same.

5.  All minutes from all safety meetings, attended by any employees of Defendant, whether or not said meetings were put on by Defendant or some other party, on and before July 1, 2002.

6.  All documents in possession of Defendant making reference to the subject incident involving Plaintiff Jaime Dearcia, including all incident and/or investigation reports.

7.  All documents in Defendant's possession with regard to this incident.

8.  All training materials ever provided to Plaintiff Jaime Dearcia.

9.  All safety materials ever provided to Plaintiff Jaime Dearcia.

10.  The complete organizational chart for Defendant's corporation as of July 1, 2002.

11.  Any and all documents, notes, sketches, or photographs resulting from any inspection or investigation of the area in which Plaintiff Jaime Dearcia was injured.

12.  The report(s) of any and all experts consulted by Defendant or on Defendant's behalf in connection with this incident to date.

13.  All incident reports, accident investigation reports involving injuries at A & K Railroad Materials, Inc. occurring prior to July 1, 2002.

14.  All documents pertaining to OSHA and/or other government agency correspondence and/or warnings and/or citations received by Defendant prior to and subsequent to July 1, 2002.

15. All correspondence received from any person or entity on or after July 1, 2002 that in any way references or is involved with the incident involving Plaintiff Jaime Dearcia.

16. All documents evidencing the purchase of the machine involved in this incident including, but not limited to, purchase orders and receipts.

17. A copy of any and all written policies regarding the use of the machine by employees of A & K Railroad Materials, Inc. in effect on the date of this incident, July 1, 2002 and for the three (3) years prior to this incident.

18. All documentation regarding written job descriptions for all employees of A & K Railroad Materials, Inc. in effect on the date of this incident, July 1, 2002.

19. A complete copy of the employment file of Plaintiff Jaime Dearcia.

20. Any and all OSHA 200 logs and/or reports for the period of ten (10) years prior to and including July 1, 2002.

21. Any and all OSHA 101 forms for the period of ten (10) years prior to and including July 1, 2002.

22. All manuals pertaining to the subject machine.

Respectfully submitted,

**GALLON & TAKACS CO., L.P.A.**

By: _____
Kevin E. Boissoneault
Bonnie F. Haims
Attorneys for Plaintiffs

LAW OFFICES OF
GALLON & TAKACS CO., L.P.A.
THE JACK GALLON BUILDING
1540 GRANITE AVENUE
TOLEDO, OHIO 43612-1122